[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 27, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13923

_____

D. C. Docket No. 03-00758-CV-HTW-1

GLENN SIMPSON,

Plaintiff-Appellee,

versus

CAROLINA BUILDERS CORPORATION,
d.b.a. Stock Building Supply,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(March 27, 2007)**

Before HULL and MARCUS, Circuit Judges, and BARZILAY,[*] Judge.

PER CURIAM:

---

[*]Honorable Judith M. Barzilay, Judge, United States Court of International Trade, sitting by designation.

After thorough review and having considered oral argument, we conclude that this Court has improvidently granted leave to pursue this interlocutory appeal under 28 U.S.C. § 1292(b). Under 28 U.S.C. § 1292(b), appeal of a non-final order may be permitted when the district court certifies in writing that its order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Three factors are relevant in deciding whether an order merits interlocutory review under § 1292(b): (1) whether the case presents a "controlling question of law"; (2) whether there is a "substantial ground for difference of opinion"; and (3) whether the appeal will "materially advance the ultimate termination of the litigation." 28 U.S.C. 1292(b); see McFarlin v. Conseco Servs., 381 F.3d 1251, 1257-59 (11th Cir. 2004).

The district court certified one question pursuant to § 1292(b): whether the plaintiff had a right to recover under quantum meruit. As we see it, this question does not present a "controlling question of law." We will not, therefore, as we would otherwise be required to do in order to decide the merits of plaintiff's quantum meruit claim, "root[] through the record in search of the facts or of genuine issues of fact." McFarlin, 381 F.3d at 1258. Neither does this case present a legal principle as to which there is a "substantial ground for difference of

opinion." The law of Georgia regarding quantum meruit is clear -- it is the application of this law to the facts that is disputed here. Simply put, this appeal does not meet the 28 U.S.C. § 1292(b) standard. Such appeals "were intended, and should be reserved, for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts." McFarlin, 381 F.3d at 1259.

In the Eleventh Circuit, a motions panel makes the initial decision to permit an interlocutory appeal pursuant to § 1292(b). As with all motions panel rulings, however, this motion is subject to revocation by the merits panel designated to decide the case. 11th Cir. Rule 27-1(g); see McFarlin, 381 F.3d at 1253. Accordingly, we dismiss this appeal without prejudice and remand the case to the district court for further proceedings.

APPEAL DISMISSED.